UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| PHILLIP D. HALE, JR. ) | |
| ) | |
| v. ) | NO. 2:06-CV-161 |
| ) | |
| STEVE BURNS, NEIL MATHEWS, ) | |
| EDDIE TWEED, J. B. MORMAN, ) | |
| JASON RIDDLE, JASON ARMSTRONG, ) | |
| JENNIFER RAIDER, and JEREMY ) | |
| BOWMAN ) | |

## **MEMORANDUM and ORDER**

Phillip D. Hale, a prisoner now confined in the Northeast Correctional Complex, has filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against several Greene County, Tennessee law enforcement officials. His claims arise out of an incident which he maintains occurred while he was in custody at the Greene County Detention Center [GCDC].

Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to the inmate trust account or the

average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After the initial partial filing fee has been paid, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to his account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid.[1] 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's place of confinement and also to George Little, the Commissioner of the Tennessee Department of Correction, to ensure compliance with the above assessment procedures.

1. Plaintiff's Allegations

Plaintiff makes the following allegations in his complaint. In the wee morning hours of July 19, 2006, plaintiff was assaulted by defendant J. B. Morman with a cup. Plaintiff threatened to throw feces on him if ever he did it again. All inmates in the medication line were ordered to return to the pod, at which point defendant Mormon opened the door and pushed plaintiff. Defendant Jason Riddle slammed him onto the floor.

---

[1] Payments should be mailed to:   Clerk's Office, USDC
                                     220 West Depot Street, Ste. 200
                                     Greeneville, TN 37743.

Plaintiff could feel heels and boots in his back, and he saw defendants Jeremy Bowman, Jason Armstrong, Jennifer Raider, and Lieutenant Eddie Tweed enter. Thereafter, plaintiff was kicked, stomped, handcuffed, and, from inches away, sprayed with pepper spray—one eye at a time. Next, plaintiff was jerked up from the floor and, while he was being led by his hair to the drunk tank, his head was slammed against everything.

Once plaintiff arrived at the drunk tank, defendant Armstrong slammed his head into the wall and warned plaintiff that, if he moved in a threatening manner or swung at anything or anyone, "they the officers would beat [him] to death." Plaintiff was handcuffed for one hour, taken to the shower afterwards, forced to eat a regular meal [plaintiff is a diabetic], refused medication and medical care, and ultimately locked down in his cell.

Later, plaintiff was visited by his public defender attorney, Michael Walcher, and seen by the nurse, who put him on medical watch until morning. When plaintiff was released from the medical watch, an officer who was escorting plaintiff back to his pod told him that the Sheriff had ordered inmates to be beaten "any time from now on a c.o. [correctional officer] tells an inmate something." Plaintiff was served with a disciplinary write-up in connection with these events.

Plaintiff would have the Court investigate this matter, stop any future

such incidents from happening, issue an order of protection against the defendants, administer drug tests to the GCDC staff, and award him the sum of $500,000.00.

2. Screening the Complaint

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit must be dismissed.

First of all, since plaintiff is no longer confined in the GCDC, and since he is no longer exposed to the purported wrongful conditions at that facility, all issues concerning injunctive relief with respect to those conditions have become moot by virtue of his transfer to a state prison. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996). All such claims are **DISMISSED**.

Secondly, plaintiff indicates that he is suing Greene County Sheriff Steve Burns, Captain Neil Matthews, and Officer Eddie Tweed because they are responsible for ensuring that inmates are safe and that events such as are recounted herein do not occur. To the extent that plaintiff is seeking to impose supervisory liability on these defendants, § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *See Taylor v. Michigan Dep't of Corrections,*

69 F.3d 76, 80-81 (6th Cir.1995), *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Absent some showing that these defendants authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct of their employees, plaintiff has failed to state a § 1983 claim against them. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir.1993); *Hays*, 668 F.2d at 874. Accordingly, because plaintiff has not stated a viable claim against defendant Matthews, he is **DISMISSED** from this action. Since plaintiff has made other allegations against defendants Burns and Tweed, as noted below, they will remain as parties to this lawsuit.

Plaintiff's allegations that he was denied medical treatment are also problematical. The Eighth Amendment is violated when a prison official is deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). A prison official cannot be found deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

First of all, the officers who supposedly denied plaintiff medical care and who forced him to eat a regular meal have not been identified. Secondly, plaintiff has not described, with any specificity, any injury he incurred. Finally, he has made no allegations of fact to show that the unidentified officers were deliberately indifferent to any such a need.

5

The claim that plaintiff was denied a diabetic meal and his medications are likewise deficient. Once again, plaintiff has failed to identify the individual(s) who forced him to eat a regular meal and who denied him medications. Therefore, his claims are conclusory. Contentions which are merely conclusory do not state a claim entitling the plaintiff to § 1983 relief. *See Morgan v. Church's Fried Chicken*, 829 F.2d. 10, 12 (6th Cir. 1987). Be that as it may, diabetes may qualify as a serious medical need. *See Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005) (a diabetic pretrial detainee who was not provided medically-required insulin injections and who was admitted to the hospital for a stay of several days had a "sufficiently serious" medical need).

In this case, however, plaintiff has furnished no details from which to infer that a missed dose of medication or a one-time deprivation of a diabetic meal amounts to a sufficiently serious medical need. *See Bellamy v. Bradley*, 729 F.2d 416, 419-20 (6th Cir. 1984) (proof that a prison official denied a blind inmate a single meal is insufficient to establish an Eighth Amendment violation). There is no indication that plaintiff was experiencing any symptoms with respect to diabetes, that he experienced any adverse events from these alleged denials, or that whoever denied these things knew that plaintiff was being exposed to a substantial risk of serious harm. For all these reasons, no claim has been stated in this instance.

Plaintiff's allegations involving the officers' use of force against him arguably state a claim under the Eighth Amendment and may proceed to service against defendants Steve Burns [plaintiff claims that Officer John Haul told him that this defendant had ordered that, under certain circumstances, inmates were to be beaten], Eddie Tweed, J. B. Morman, Jason Riddle, Jason Armstrong, Jennifer Raider, and Jeremy Bowman. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (finding that an Eighth Amendment claim of excessive force focuses on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm").

The Clerk is **DIRECTED** to send plaintiff service packets for these defendants. (Each service packet contains a blank summons and U.S.M. 285 form.) Plaintiff is **ORDERED** to complete the service packets and to return them to the Clerk's office within twenty (20) days of the date of entry of this Order. Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

When the completed service packets are received by the Clerk, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendants. Fed. R. Civ. P. 4. Defendants are **ORDERED** to respond to the complaint within twenty (20) days of receipt of service. Plaintiff is **ORDERED** to

inform the Court of any address change within ten (10) days following such change. If he fails to do so, this action will be dismissed for failure to prosecute.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE