UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| PHILLIP D. HALE, JR. | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-161 |
| | ) | |
| STEVE BURNS, *et al.* | ) | |

**MEMORANDUM and ORDER**

This is a state prisoner's *pro se* civil rights suit for damages under 42 U.S.C. § 1983. The defendants are several law enforcement officials and correctional officers, who allegedly subjected him to excessive force on July 29, 2006, while he was confined in the Greene County Detention Center [GCDC]. Defendants have filed a motion to dismiss on the ground that plaintiff failed to file his Pretrial Narrative Statement within the deadline established in the Scheduling Order. [Doc. 30].

The Court is in receipt of a letter from plaintiff, which will be construed as a response, objecting to defendants' motion. [Doc. 33]. In this response, plaintiff argues that he submitted what he thought was a Pretrial Narrative Statement and further inquires as to the steps he needs to take to pursue his case, if this filing is deemed inadequate to satisfy the Scheduling Order.

According to the Scheduling Order, plaintiff's Pretrial Narrative Statement was due on or before January 24, 2008 and was required to contain: (a) a brief general

statement of his case, including the manner by which each defendant allegedly violated his constitutional rights; (b) a brief narrative written statement of the facts that will be offered by oral or documentary evidence at trial; (c) a list of all exhibits to be offered into evidence at the trial; (d) a list of the names and addresses of all witnesses that plaintiff intends to call; (e) a brief summary of the anticipated testimony of each witness named in (d); and (f) whether there was a conviction in connection with this case.

The record reflects that, in one of his many prior letters to the Court [Docs. 5, 8, 11, 22, 25-26, 33], plaintiff recited that he was "submit[ing] all documents statements and forms as evidence to case 2:06-cv-161 to the Courts that are the contents of this package."[1] [Doc. 26., Letter rec'd on October 24, 2007]. Attached to this letter were copies of GCDC Resident Request Forms and Grievance Forms; a 13-page document entitled, "Statement Suporting [sic] Claim;" a 4-page document, entitled, "Statement of Claim;" plaintiff's affidavit attesting that, after the July 19, 2006 altercation, he took statements from each witness; and a writing of eight pages—front and back, containing twenty-seven statements, signed [impliedly] by persons who are GCDC inmates or were on that date. [*Id.*, Attach. Nos. 1-4].

Though defendants acted properly, if belatedly, in filing their dispositive motion, the Court will deem plaintiff's letter submissions, given the liberality with which *pro*

---

[1] This evidence is offered, according to plaintiff, "to show conpadince [incompentence?] and prejidce [prejudice?]."

*se* pleadings must be regarded, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), as his Pretrial Narrative Statement. That, however, does not end the matter because those submissions, as they now exist, have deficiencies which plaintiff must correct. For example, the statements are, by no means, brief nor limited to the alleged beating of July 2006. Instead, they contain a lengthy, daily accounting of alleged wrongdoing on the part of the GCDC staff and they involve medical care, conditions of confinement, harassment, bunk assignments, etc.[2] Plaintiff's statements must be concise and limited to the only issue to be tried—the alleged use of excessive force on July 19, 2006. Also, there is no list of exhibits, which must be included if plaintiff wishes to offer exhibits at trial.

Moreover, while plaintiff has included statements from various persons, he has not supplied their addresses, has not indicated that he intends to call them as witnesses, and, if so, has not summarized their supposed testimony. Indeed, he has not filed a motion to have subpoenas issued for any witnesses, though such a motion is required to secure the presence of witnesses at trial. [Doc. 21, Attach. No. 1, Notice Regarding Issuance of Civil Subpoenas]. Finally, plaintiff has failed to disclose whether he sustained a conviction in connection with this case.

---

[2] Some of the narrative in the former statement involves matters pertinent to the issues sub judice, but nothing in the latter document concerns issues germane to this case.

Accordingly, unless within twenty days of the date on this order, plaintiff files an amended Pretrial Narrative Statement, correcting each of the noted deficiencies, the Court will assume that he does not intend to comply with the Scheduling Order and will dismiss this case on that basis.[3] Because the trial is imminent, obviously it must be continued. The trial, now set for March 6, 2008, is rescheduled to **Tuesday, June 17, 2008** at 9:00 a. m. in Courtroom 420 at the Federal Courthouse.

For the above reasons, defendants' motion to dismiss [Doc. 30] is **DENIED**.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[3] For plaintiff's convenience and instruction, attached to this order are copies of the Scheduling Order, Subpoena Notice, and another prisoner's recently-filed Pretrial Narrative Statement, *Shoemaker v. Greene County "Jail" Detention Center*, Civil No. 2:07-cv-124, which plaintiff may wish to use as a template to assist him in drafting his own Statement. Defendants may view these public documents in ECF, an option not available to plaintiff.